UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREEDOM MORTGAGE CORPORATION,

                Plaintiff,                    **DECISION AND ORDER**

     v.

                                          6:23-CV-06339 EAW

BRENDA F. THOMAS,

                Defendant.
_____

## INTRODUCTION

Plaintiff Freedom Mortgage Corporation ("Plaintiff") commenced this action on June 21, 2023, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 79 Rockdale Trail, Rochester, New York 14612 (the "Property"). (Dkt. 1). Plaintiff provided a loan to defendant Brenda F. Thomas ("Defendant") and secured the loan through a promissory note and mortgage on the Property. (*Id.* at 2, ¶¶ 7-8). Defendant has not appeared in this action.

Presently before the Court is Plaintiff's motion for default judgment and a judgment for foreclosure and sale. (Dkt. 10). For the reasons that follow, the motion is denied without prejudice.

## BACKGROUND

According to the complaint, on or about March 26, 2018, Defendant executed a promissory note to Plaza Home Mortgage Inc. for $196,278.00, and the mortgage for the

Property was recorded with the Monroe County Clerk. (Dkt. 1 at 2, ¶¶ 7-8). Plaza Home Mortgage Inc. assigned the mortgage to Plaintiff on January 9, 2023. (*Id.* at ¶ 9).

Plaintiff claims that Defendant has failed to make mortgage payments on the Property beginning with the payment due on March 1, 2022. (*Id.* at ¶ 10). As of the filing of the complaint, Defendant owes $183,041.82 in principal, with an interest rate of 4.375% and interest accruing from February 1, 2023, which Plaintiff seeks to recover. (*Id.* at ¶ 11). Plaintiff also seeks late charges, monies paid and to be paid for taxes, assessments, insurance, maintenance, and preservation of the Property, as well as costs and attorneys' fees for the foreclosure. (*Id.* at 2, ¶ 11, 3, ¶¶ 12, 16).

On August 16, 2023, Plaintiff filed an affidavit of service, which stated that Defendant was served on July 21, 2023, by affixing the summons, complaint, certificate of merit pursuant to CPLR 3012-B, and Homeowner's Foreclosure Notice pursuant to RPAPL § 1303 to the door of the Property after Defendant or a person of suitable age and discretion could not be located for personal delivery. (Dkt. 6). Plaintiff also mailed a copy of the documents to Defendant at the Property address on July 25, 2023. (*Id.*). Defendant's answer was due on August 11, 2023. (*Id.*).

Defendant failed to respond to the complaint or otherwise appear in the action. At the request of Plaintiff, on December 5, 2023, the Clerk entered an entry of default against Defendant. (Dkt. 8). On January 22, 2024, Plaintiff filed a motion for default judgment pursuant to Rule 55(b) and for a judgment of foreclosure and sale. (Dkt. 10). Despite being served with a copy of the motion papers (Dkt. 11; Dkt. 13), Defendant has not appeared or responded in opposition.

**DISCUSSION**

I.      **Legal Standard**

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As discussed, Plaintiff has already obtained an entry of default as to Defendant. (Dkt. 8). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b) (providing for entry of default judgment by the clerk where the "plaintiff's claim is for a sum certain" or by the court in "all other cases").

"In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009) (citation omitted). In light of the Second Circuit's "strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply," the Second Circuit has "characterized a district court's discretion in proceeding under Rule 55 as circumscribed." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citations and quotations omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision

whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II. Mortgage Foreclosure

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997) and citation omitted). In addition, consistent with New York law, before commencing a residential foreclosure action, a lender must comply with certain requirements set forth in the RPAPL. *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021). Article 13 of the RPAPL sets forth various procedural requirements in a mortgage foreclosure action. *Ditech Fin. LLC v. Sterly*, No. 5:15-cv-1455 (MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016).

While Plaintiff appears to have established the common-law elements of a foreclosure action, (*see* Dkt. 10-5 (promissory note); Dkt. 10-6 (mortgage and assignment), & Dkt. 10-3 at 1-5 (Plaintiff's affidavit establishing default)), Plaintiff has failed to establish its compliance with the procedural requirements of the RPAPL. For example, RPAPL § 1320 requires the plaintiff to deliver a "special summons" in a foreclosure action against certain residential properties "in additional to the usual requirements applicable to a summons in the court[.]" The special summons takes a specific form, including a boldface warning that the party is in danger of losing their home. *Id.* at § 1320. "Compliance with RPAPL Section 1320 is a mandatory requirement in mortgage foreclosure actions." *Green Mountain Holdings (Cayman) LTD v. McEachern*, No. 22-

CV-858 (NGG) (TAM), 2024 WL 748672, at *6 (E.D.N.Y. Feb. 23, 2024) (citations omitted); *see United States v. Lancor*, No. 5:19-cv-00936 (BKS/TWD), 2021 WL 4942083, at *3 (N.D.N.Y. Oct. 22, 2021) (RPAPL § 1320 is one of the "mandatory conditions precedent" in a foreclosure action) (quotation omitted).  Plaintiff's proposed summons does not include a copy of the "special summons," and while the proof of service states that the summons and complaint were served pursuant to CPLR 3012-B and RPAPL § 1303, there is no reference to compliance with RPAPL § 1320. (*See* Dkt. 1-1; Dkt. 6). Plaintiff submits a copy of the "special summons" that it asserts in its motion papers was delivered when service was effectuated, but this assertion alone is insufficient.  (*See* Dkt. 10-2 at 3; Dkt. 10-7 at 2).  *See Green Mountain Holdings (Cayman) Ltd. v. 501 Lafayette Ave LLC*, No. 21-CV-5844 (MKB) (TAM), 2023 WL 6594003, at *7-8 (E.D.N.Y. Aug. 18, 2023) (recommending denial of default judgment motion when neither the proposed summons nor the proof of service established compliance with § 1320), *adopted*, 2023 WL 5993166 (E.D.N.Y. Sept. 15, 2023); *Lancor*, 2021 WL 4942083, at *2-3 (denying default judgment motion when plaintiff failed to show its compliance with § 1320).  Because Plaintiff has not met its burden to establish that it complied with RPAPL § 1320, the motion for default judgment is denied.

Plaintiff also failed to comply with RPAPL § 1304.  Section 1304 requires the lender to serve the borrower with notice warning the borrower that they are at risk of foreclosure, at least 90 days before commencing an action.  *Id.* at § 1304(1).  The notice must contain specific language and "a current list of at least five housing counseling agencies serving the county where the property is located" that New York's Department of

Financial Services has identified. *Id.* at § 1304(1)-(2). The plaintiff has "the affirmative obligation to establish strict compliance with RPAPL § 1304[.]" *Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288 (RRM) (SIL), 2021 WL 2548971, at *4 (E.D.N.Y. June 22, 2021) (quoting *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019)); *see United States v. Parks*, No. 17-CV-01262 (LJV)(JJM), 2018 WL 5793569, at *3 (W.D.N.Y. Oct. 4, 2018) (plaintiff is "required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion") (quotation omitted), *adopted*, 2018 WL 5795461 (W.D.N.Y. Nov. 5, 2018). Plaintiff's notice listed only four housing counseling agencies serving Monroe County, where the Property is located. (Dkt. 10-3 at 55, 65). Courts have found notices containing less than five housing counseling agencies to be a "fatal" defect. *See CIT Bank, N.A. v. McDonnell*, No. 18-CV-476-CBA-SJB, 2023 WL 2361381, at *7 (E.D.N.Y. Feb. 2, 2023) (finding § 1304 notices to be defective because they appeared to indicate that only three agencies served the county where the property was located), *adopted sub. nom. U.S. Bank Trust National Association v. McDonnell*, 2023 WL 2347886 (E.D.N.Y. Mar. 3, 2023); *see also CIT Bank, N.A. v. Donnatin*, No. 2:17-cv-02167 (ADS)(AKT), 2020 WL 248996, at *4 (E.D.N.Y. Jan. 16, 2020) (same). Accordingly, Plaintiff's motion for default judgment is denied on this basis as well.[1]

---

[1] In addition to submitting § 1304 notices addressed to Defendant, Plaintiff submitted § 1304 notices that were apparently sent to "Ronald T. Thomas" at the address of the Property. (*See* Dkt. 10-3 at 30, 40). Plaintiff also submitted a filing to the New York State Department of Financial Services pursuant to § 1306 indicating that "Ronald Thomas" was

In addition, Plaintiff failed to comply with the procedural requirements regarding the notice of pendency. Although Plaintiff filed a notice of pendency pursuant to RPAPL § 1331 with the Monroe County Clerk, nothing in the record clearly indicates that Plaintiff filed the complaint with the notice of pendency or separately with the county clerk's office, as required under CPLR 6511(a). The declaration by Plaintiff's counsel states: "On June 26, 2023, Plaintiff filed a notice of pendency in accordance with RPAPL § 1331 and CPLR Article 65 with the Monroe County Clerk's office, a copy of which is attached hereto as [Dkt. 10-11]." (Dkt. 10-4 at ¶ 11). However, the notice of pendency filed by Plaintiff that bears the Monroe County Clerk's Office electronic filing stamp contains only the legal description of the Property, and not a copy of the complaint. (*See* Dkt. 10-11). The Court notes that the notice of pendency states that "an action has been commenced and is pending in the United States District Court for the Western District of New York upon the Complaint of the named Plaintiff . . . ." (*Id.* at 2). Nevertheless, this is insufficient to satisfy the requirements of New York law. *See Freedom Mortg. Corp. v. Bushey*, No. 23-CV-6192-FPG, 2023 WL 8230173, at *2-3 (W.D.N.Y. Nov. 28, 2023) (denying motion

---

a mortgage borrower for the Property. (*Id.* at 71). No one by that name is a party to this action, nor does that name appear in the promissory note or mortgage and assignment documents, which only list Defendant Brenda F. Thomas. (Dkt. 10-5 at 3; Dkt. 10-6 at 2, 16, 20). Plaintiff's affidavit establishing default does not explain why Plaintiff mailed and filed these notices regarding Ronald Thomas. (*See generally* Dkt. 10-3 at 1-5). To the extent that Ronald Thomas is a necessary party to this action pursuant to RPAPL § 1311, Plaintiff has not properly named and served him. *See 1077 Madison St., LLC v. N.Y. State Dep't of Tax'n & Fin.*, No. 19-CV-00954 (NGG) (CLP), 2022 WL 2658456, at *3 (E.D.N.Y. July 8, 2022) (failure to name a necessary party as defined in § 1311 leaves that party's rights unaffected by the judgment in a foreclosure action) (citation omitted).

for default judgment based in part on plaintiff's failure to strictly comply with CPLR 6511(a)); *Sterly*, 2016 WL 7429439, at *4 ("The notice states that a foreclosure action has been commenced against [the d]efendants in the United States District Court for the Northern District of New York. However, there is no indication that [the p]laintiff filed the complaint with the notice of pendency as required by CPLR § 6511(a)."). As this Court has held, a plaintiff's failure to file a procedurally-compliant notice of pendency requires denial of a motion for default judgment and for foreclosure and sale of a property. *United States v. Herbster*, ___ F. Supp. 3d ___, 2024 WL 1287687, No. 6:19-CV-06455 EAW, at *3 (W.D.N.Y. Mar. 27, 2024); *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 711 (W.D.N.Y. 2018). Accordingly, the Court denies Plaintiff's motion for a default judgment and for a judgment of foreclosure on this basis as well.

Because the Court has identified certain fatal defects in the instant motion that individually require denial, the Court need not and does not address whether Plaintiff has met its burden in complying with other procedural requirements under the RPAPL and other applicable legal authorities.[2]

---

[2] The Court also notes numerous typographic errors throughout Plaintiff's motion papers, indicating that Plaintiff's counsel copied from previous filings in other cases. For example, Plaintiff refers to multiple defendants or borrowers in its motion papers, despite this action naming one defendant. (*See, e.g.*, Dkt. 10-2 at 2 ("The remaining defendants are parties . . . ."), 3 ("each Borrower"), 4 ("All defendants"); Dkt. 10-4 at ¶ 7 ("the Mortgagors"). Plaintiff also states that it filed a Certificate of Merit in the *Northern* District of New York Clerk's office on June 26, 2023, yet there were no filings on the docket on this date. (*See* Dkt. 10-4 at ¶ 9 (emphasis added)). Plaintiff's counsel is expected to take more care when preparing and filing papers with this Court. The failure to do so may result in summary denial of any future applications.

### III. Attorneys' Fee Request

In light of the procedural defectiveness of Plaintiff's motion for default judgment, the Court does not reach counsel's request for attorneys' fees in the amount of $5,650.00. (Dkt. 10-4 at ¶ 15; Dkt. 10-16 at ¶ 7).  Nevertheless, as this Court has done in similar cases, the Court notes that the request is defective because counsel failed to support the request with contemporaneous time records.  *See Herbster*, 2024 WL 1287687, at *4*; Nedza*, 315 F. Supp. 3d at 712-13.  "Generally, 'courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'" *Nedza*, 315 F. Supp. 3d at 713 (quoting *OneWest Bank, N.A. v. Cole*, No. 14-CV-3078 (FB)(RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment and a judgment for foreclosure and sale (Dkt. 10) is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 3, 2024
      Rochester, New York