UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREEDOM MORTGAGE CORPORATION,

                Plaintiff,                **DECISION AND ORDER**

      v.                                    6:23-CV-06339 EAW

BRENDA F. THOMAS,

                Defendant.
_____

Plaintiff Freedom Mortgage Corporation ("Plaintiff") commenced this action on June 21, 2023, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 79 Rockdale Trail, Rochester, New York 14612 (the "Property"). (Dkt. 1). The Court previously denied Plaintiff's motion for default judgment by Decision and Order entered June 3, 2024, finding, among other things, that Plaintiff failed to establish its compliance with RPAPL § 1304 requiring a notice to be served by the lender on the borrower containing specific language and "a current list of at least five housing counseling agencies serving the county where the property is located" that New York's Department of Financial Services has identified. (Dkt. 14 (quoting RPAPL § 1304(1)-(2))). As noted in that Decision and Order, a plaintiff has "the affirmative obligation to establish strict compliance with RPAPL § 1304[.]" (*Id.* at 6 (quoting *Wilmington Sav. Fund. Soc'y, FSB v. White*, No. 17-CV-2288 (RRM) (SIL), 2021 WL 2548971, at *4 (E.D.N.Y. June 22, 2021)). Familiarity with that

- 1 -

Decision and Order, including the legal standards discussed therein and factual background, is assumed for purposes of this Decision and Order.

Plaintiff now moves again for default judgment, contending that it complied with RPAPL § 1304. (Dkt. 15). Specifically, while Plaintiff's notice listed only four housing counseling agencies serving Monroe County, where the Property is located (*see* Dkt. 15-3 at 35, 45, 55, 65), Plaintiff contends that this was sufficient because it included the "complete copy of the most recent listing available on the NYS Department of Financial Services website. . . ." (Dkt. 15-2 at 6). According to Plaintiff's logic, several unidentified agencies on the list that are located in neighboring counties presumably serve Monroe County—otherwise, a plaintiff seeking to foreclose property in Monroe County would never be able to do so because there are only four agencies in Monroe County. (*Id.* at 6-8). Thus, Plaintiff reasons, it must have complied with RPAPL § 1304.

Plaintiff's argument misunderstands its burden. It is Plaintiff who must establish that it strictly complied with the requirements of RPAPL § 1304 by providing the borrower with a list of five housing counseling agencies serving Monroe County. The list relied upon by Plaintiff *may* contain housing counseling agencies located outside Monroe County that serve Monroe County. But it is not the burden of the Court to guess as to which agencies qualify. Plaintiff must establish that it provided the borrower with a list of five agencies that actually serve Monroe County. It has again failed to do so. Simply relying on the same list it cited in its previous motion and asking that the Court speculate as to which agency or agencies service Monroe County is not sufficient.

The case relied upon by Plaintiff—*U.S. Bank Nat'l Ass'n v. Gordon*, 202 A.D.3d 872 (2d Dep't 2022)—actually supports the Court's conclusion. In *Gordon*, as noted by Plaintiff (Dkt. 15-2 at 7-8), the court denied the defendants' motion for summary judgment in their favor because they failed to establish that the list of agencies contained fewer than five counseling agencies servicing the county. But what Plaintiff fails to mention in its discussion of *Gordon* is that the court also denied the plaintiff's motion for summary judgment because "the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, as it failed to demonstrate that the 90-day notices it sent to the defendants contained the requisite list of five housing counseling agencies serving the county in which the subject property is located." *Gordon*, 202 A.D.3d at 874. The *Gordon* plaintiff attached a list of five agencies to its notices and while four of the agencies were listed in the county where the property was located, one was in a different county. *Id.* Without more, the plaintiff failed to establish that the fifth agency served the county where the property was located.

To the extent Plaintiff argues that compliance with RPAPL § 1304 can be satisfied by simply attaching an internet reprint of the complete list of housing counseling agencies published by New York State, the Court has serious questions about the merits of that contention. RPAPL § 1304 expressly requires attachment of "a current list of at least five housing counseling agencies serving the county where the property is located *from* the most recent listing available from department of financial services." RPAPL § 1304(2) (emphasis added). The suggestion that this requirement could be satisfied by simply attaching the source list of all government approved housing counseling agencies within

- 3 -

New York State seems suspect. Instead, the express language of the statute states that the list provided to a borrower shall be compiled "from" the list of all counseling agencies within New York State. *See also* RPAPL § 1304(2) ("The lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section.").

But the Court need not resolve at this time whether attachment of the entire list was sufficient, because even if it was, Plaintiff has failed to establish that the list contains at least five housing counseling agencies that service Monroe County. As a result, Plaintiff's second motion for a default judgment and a judgment for foreclosure and sale (Dkt. 15) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 4, 2024
       Rochester, New York